Rost C. Olsen, Esq.
Nevada SBN 14410
*Address, Phone Number, and Email*
*Filed Under Seal Pending Court Order*

*Pro Se Plaintiff/Petitioner*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ROST C. OLSEN,

Plaintiff/Petitioner,

v.

LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,

Defendants/Respondents.

Case No. 3:26-cv-00543-ART-CSD

**MOTION FOR TEMPORARY RESTRAINING ORDER, OR IN THE ALTERNATIVE, FOR EXPEDITED PRELIMINARY INJUNCTION HEARING**

Petitioner/Plaintiff, Rost C. Olsen ("Mr. Olsen"), in pro se, moves this Court for a Temporary Restraining Order ("TRO") enjoining Defendants from removing his student loans from their current forbearance pending further direction from the Court. Alternatively, Mr. Olsen moves this Court to set an expedited hearing to address the previously filed Motion for Preliminary Injunction (ECF No. 9). This Motion is supported by the following Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

"The standard for issuing a TRO is 'substantially identical' to the standard for issuing a preliminary injunction." *Reno-Sparks Indian Colony v. Haaland*, 663 F.Supp.3d 1188, 1195 (D. Nev. 2023) ("*RSIC*"), *quoting Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832,

839 n.7 (9th Cir. 2001). Mr. Olsen incorporates by reference the legal standard for a preliminary injunction as stated in the Motion for Preliminary Injunction. *See* ECF No. 9 at 7:16-8:9.

Procedurally, a TRO differs from a preliminary injunction in that it may issue without notice to the other party, and functions as a stop-gap measure until the Court can conduct a hearing on a preliminary injunction. *Compare* Fed. R. Civ. P. 65(b) *with* 65(a). A temporary restraining order serves to preserve the status quo until the Court can rule on the merits of a demand for a preliminary injunction. *See Western Watersheds Project v. Berhardt*, 391 F.Supp.3d 1002, 1009 (D. Ore. 2019), *quoting Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009).

## I. FACTS

Mr. Olsen incorporates by reference the Factual Background as stated in the Motion for Preliminary Injunction. ECF No. 9 at 4:6-7:15.

Upon filing the Motion for Preliminary Injunction, Mr. Olsen properly served it on Defendants in this matter. ECF No. 9-3. The time for response to the properly-served Motion passed without Defendants filing any response to it. ECF No. 12.

While Mr. Olsen has awaited a response of any kind from Defendants, the clock has continued to move forward toward Defendants' arbitrary deadline upon which they assert they will remove Mr. Olsen's student loans from the forbearance they have been in for two years. *See* ECF No. 9-2 at 62-70 (communication from Defendants' agent loan servicer MOHELA stating that Mr. Olsen "must" select a new repayment plan within 90 days from the beginning of July, 2026). Meanwhile, Defendants have yet to process his request for discharge of his student loans through the Public Service Loan Forgiveness ("PSLF") Buyback mechanism, through which he is entitled to discharge, and would obviate the need to remove his loans from forbearance in the first place.

*See* ECF No. 9-2 at 43-45 (confirmation of receipt of Mr. Olsen's PSLF Buyback request); *see also* Exh. 1, Supplemental Declaration of Rost C. Olsen at ¶ 6.

Defendants have yet to provide any substantive response to Mr. Olsen's requests to keep his loans in forbearance until the resolution of his Buyback request, whether through filings in this matter or through contacting him directly, aside from a boilerplate response from their servicer MOHELA that did not address a question Mr. Olsen asked. ECF 9-3 at 74-76; *see also* Exh. 1 at ¶ 8.

The date upon which Defendants have stated Mr. Olsen's loan forbearance will end is coming, with 90 days from July 1, 2026 being September 29, 2026, according to Mr. Olsen's calculations. *See* Exh. 1 at ¶ 7. With Defendants continuing not to engage, Mr. Olsen now moves for a Temporary Restraining Order prohibiting Defendants and their agents, employees, and others under their direction from removing Mr. Olsen's student loans from forbearance until the Court can hear this matter.

## II. DISCUSSION

As the substantive analysis for a TRO is identical to that for a preliminary injunction, *see RSIC*, 663 F.Supp.3d at 1195, Mr. Olsen incorporates by reference the Discussion section in the Motion for Preliminary Injunction previously filed. *See* ECF No. 9 at 8:10-15:2.

Procedurally, Mr. Olsen has raised this issue multiple times with Defendants, with hope that they would engage at some point in good faith. *See* ECF No. 9-2 at 43-45 (confirmation of receipt of PSLF Buyback request), 55-61 (legal demand letter Mr. Olsen sent to the Department of Education in May, 2026), and 74-76 (correspondence regarding forbearance). When those attempts failed, Mr. Olsen filed the Motion for Preliminary Injunction early in this matter with the

good-faith hope that Defendants would at least attempt to resolve this matter prior to the expiration of the forbearance.

Additionally, while Mr. Olsen maintains the service of the summons and complaint he effectuated early in this matter was proper, *see* ECF No.'s 7, 11, Mr. Olsen has taken additional precautionary efforts to ensure proper service in this matter, to ensure Defendants have proper notice. *See* ECF No.'s 10, 13.

Unfortunately, Mr. Olsen's overtures have been met with Defendants' silence.

Absent an Order prohibiting Defendants from removing his student loans from forbearance, at least until the Court can hear this matter, Mr. Olsen and his family risk suffering the harm stated in the Motion for Preliminary Injunction. ECF No. 9 at 13:1-21.

Accordingly, Mr. Olsen moves this Court to enter a Temporary Restraining Order enjoining Defendants from removing his student loans from forbearance until the Court can hear his Motion for Preliminary Injunction. Alternatively, Mr. Olsen respectfully requests the Motion for Preliminary Injunction be set for hearing before September 29, 2026.

Mr. Olsen has emailed this Motion and the Exhibit thereto to the DoEd's Office of General Counsel, and is also mailing copies in accordance with the following Certificate of Service.

Dated this 3rd day of September, 2026.

ROST C. OLSEN

/s/ Rost C. Olsen
Rost C. Olsen, Esq.
Nevada SBN 14410
Plaintiff/Petitioner In Pro Se

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that on September 3, 2026, the foregoing Motion for Preliminary Injunction, Index of Exhibits, and Appendix of Exhibits were electronically filed with the United States District Court, District of Nevada, in case no. 3:26-cv-00543-ART-CSD, and that true and correct copies were placed in the mail with the United States Postal Service, postage attached, and sent to the following addresses:

U.S. Attorney's Office, District of Nevada
ATTN: Civil Process Clerk
400 S. Virginia St., Ste. 900
Reno, NV 89501

U.S. Attorney General
U.S. Department of Justice
ATTN: Civil Process Clerk
950 Pennsylvania Ave. NW
Washington, DC 20530

Secretary Linda McMahon
U.S. Department of Education
400 Maryland Ave. SW
Washington, DC 20202-0001

Dated this 3th day of September, 2026

*/s/ Rost C. Olsen*
Rost C. Olsen