TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Rost Conor Olsen,

Plaintiff,

v.

Linda McMahon, in her official capacity as Secretary of the United States Department of Education, and the United States Department of Education,

Defendants.

Case No. 3:26-cv-00543-ART-CSD

**Defendant's Request for Extension of time to (1) file an answer, (2) respond to Motion for Preliminary Injunction by Plaintiff (ECF No. 9), (3) Motion for Temporary Restraining Order (ECF No. 14)**

**[First Request]**

Defendant files this motion for a 30-day extension of time to (1) file an answer, (2) respond to motions for Preliminary Injunction by Plaintiff (ECF No. 9), and (3) Temporary Restraining Order (ECF No. 14).[1] The new date Defendant seeks for these documents is October 23, 2026.

[1] Plaintiff has filed a Motion for Entry of Clerk's Default. ECF No. 16. Any response is due by October 5, 2026. *Id*. Defendant will be able to submit a response within the current deadline.

## I. INTRODUCTION

Defendants are seeking 30 more days to complete their answer to the complaint, ECF No. 1, respond to Motion for Preliminary Injunction by Plaintiff (ECF No. 9), (3) and Motion for Temporary Restraining Order (ECF No. 14). As explained below, due to understaffing in the Reno Office leading to mis calendaring and the influx of immigration matters for the limited Assistant United States Attorneys (AUSA) staff to respond to, the delays on response for this case occurred. Defendant requests that this court find that excusable neglect exists in this matter and allow Defendant to submit the responsive documents within 30 days.

## II. FACT AND PROCEDURAL HISTORY

Plaintiff seeks compensatory and equitable relief related to Plaintiff asking this court to order Defendant "to discharge the balance of [Plaintiff]'s federally-held loans." ECF No. 1 at 2:1-2. Plaintiff filed this action with the deadline for service being September 18, 2026. ECF No. 16 at 2.

Plaintiff also filed motions for preliminary injunction, ECF No. 9, and temporary restraining order, ECF No. 14, on August 6, 2026, and September 3, 2026 (respectfully). This court ordered that a response to these motions were due on September 16, 2026. ECF No. 15. Undersigned Counsel for Defendant was unaware of these motions and was only assigned this case on September 23, 2026.

The service for this case appears to have been mis-calendared by Defendant's counsel due to staffing issues in the Reno office and that this case also appears to have been unintendedly omitted by counsel. Further, the ongoing inflex of immigration matters that have required Defendant's counsel to respond to various habeas petitions within a shortened timeframe has also resulted in delays for this case.

## III. LAW AND ARGUMENT

Federal Rules of Civil Procedure 6(b)(1) allows the court to extend a deadline if good cause is met. Federal Rules of Civil Procedure 6(b)(1)(B) indicates that the court may grant an extension after a deadline if excusable neglect is met. Excusable neglect is determined through the court's consideration of the following factors: "(1) prejudice to the [opposing party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Dittmar v. City of N. Las Vegas*, No. 2:17-cv-02916-JAD-BNW, 2024 WL 1554238, at *1 (D. Nev. Apr. 10, 2024) (internal quotations omitted).

The deadline for the answer to this matter was September 18, 2026. ECF No. 16 at 2. The deadline for the responses to the motion for preliminary injunction and temporary restraining order was September 16, 2026. ECF No. 15.

The prejudice to Plaintiff would be minimal since the delay on the answer here would be 35 days and 37 days for the responses to the motions. Further, it is likely that even if undersigned counsel was assigned this case in time for the answer deadline, he would have likely moved for a 30-day extension because of the complexity and scope of the complaint and its various causes of action that require researching and answering.

Second, the length of the delay and its potential impact on judicial proceedings here is minimal because it is just over one month and is not unduly late. Undersigned Counsel for Defendant was unaware of these motions and answer date since he was only assigned this case on September 23, 2026. Further, the service for this case appears to have been mis-calendared by Defendant's counsel due to staffing issues in the Reno office (there is not a dedicated legal paralegal in the Reno office for defensive civil cases) and that this case also

appears to have been unintendedly omitted by counsel's office. Further, the ongoing inflex of immigration matters that have required Defendant's counsel to respond to various habeas petitions within a shortened timeframe has also resulted in delays for this case and many others. Plaintiff may argue that he will be prejudiced because he was entitled to a default to the lack of a timely response, but as will be explained more fully in the response to the motion for default, the United States has clearly indicted its intent to litigate this matter. and Plaintiff has not shown in his motion that he is entitled to a default under Fed. R. Civ. P. 55(d) because he has not demonstrated the basis on which he is entitled on the merits of his claim to receive judgment against the United States. *See* ECF No. 16 (arguing that Plaintiff is entitled to a default based on the untimely response and no discussion about the merits).

Lastly, Defendant's counsel acted in good faith here because he sought the extension here immediately upon being assigned the case and filed this motion on the same date.

## IV. Conclusion

Based on the above, Defendants request that this court to set October 23, 2026 as the deadline for Defendant to (1) file an answer, (2) respond to Motion for Preliminary Injunction (ECF No. 9), and (3) respond to Motion for Temporary Restraining Order (ECF No. 14).

Respectfully submitted this 23rd day of September 2026.

TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney