Rost C. Olsen, Esq.
Nevada SBN 14410
*Address, Phone Number, and Email*
*Filed Under Seal Pending Court Order*

*Pro Se Plaintiff/Petitioner*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| ROST C. OLSEN,<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education, and the UNITED STATES DEPARTMENT OF EDUCATION,<br><br>Defendants/Respondents. | Case No. 3:26-00543-ART-CSD<br><br>**PLAINTIFF'S LIMITED OPPOSITION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME (ECF No. 18)** |

Plaintiff/Petitioner, Rost C. Olsen ("Mr. Olsen"), in pro se, files this Limited Opposition to Defendants' Request for Extension of Time (ECF No. 18). This Limited Opposition is based upon the pleadings and papers on file herein, and the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

In short, Mr. Olsen does not oppose the extension Defendants seek to answer the Complaint in this matter. However, due to the time-sensitive nature of the facts and circumstances surrounding Mr. Olsen's requests for a Preliminary Injunction and Temporary Restraining Order, an extension of time to respond to those Motions (ECF No.'s 9, 14) would be prejudicial to Mr.

Olsen's interests. Such an extension would defeat the purpose of those Motions as the extension goes beyond the expiration of the status quo those Motions ask the Court to maintain. Accordingly, Mr. Olsen respectfully opposes Defendants' request for an extension of time to respond to the Motions for Preliminary Injunction & Temporary Restraining Order (ECF No.'s 9, 14).

**I. RELEVANT FACTUAL BACKGROUND**

In September 2024, Defendants unilaterally placed Mr. Olsen's student loans in what is colloquially known as the SAVE Forbearance, where they have remained since. ECF No. 9 at 4:17-5:2.

In early April 2026, Mr. Olsen requested Defendants discharge his federally-held student loans through the Public Service Loan Forgiveness ("PSLF") "Buyback" mechanism, which allows borrowers to "buy back" otherwise-qualifying months that their loans were in a PSLF-ineligible forbearance. *See* ECF No. 9 at 5:13-16. In late May 2026, Mr. Olsen had not heard back directly from Defendants about his Buyback Request, aside from automated email confirming it was received. *Id.* at 5:16-20. With no further response, Mr. Olsen sent Defendants a detailed letter informing them of his intent to pursue legal options unless he received a response by mid-July 2026. *Id.* at 6:6-12; ECF No. 9-2 at 55-61.

Defendants never responded. ECF No. 9 at 6:12-13.

Mr. Olsen then filed the underlying suit in mid-July and subsequently ensured it was served on Defendants. *See* ECF No.'s 6, 7, 10, 11, & 13. During this point in time in July 2026, Defendants sent a form email to Mr. Olsen, and presumably all student loan borrowers in his position, informing them that they "must" select a new repayment plan within 90 days of July 1, 2026. ECF No. 9 at 6:14-18; *see also* ECF No. 9-2 at 62-70. Defendants further indicated that a failure to do

so would result in Mr. Olsen's loans being placed in a relatively-exorbitant repayment plan. ECF No. 9 at 6:19-7:2.

Since processing Mr. Olsen's PSLF Buyback Request would obviate the need to place his loans in repayment, and considering Defendants' stated deadline to enter repayment, and Defendants' refusal to maintain the status quo forbearance until the Buyback Request is processed, *see* ECF No. 9 at 7:3-8, Mr. Olsen moved for a preliminary injunction at the beginning of August. ECF No. 9.

Mr. Olsen properly filed the Motion for Preliminary Injunction and served it on Defendants in accordance with FRCP 5. ECF No. 9-3. The time under local rules for briefing came and went. ECF No. 12.

Defendants did not respond. *See id.*

With Defendants' stated deadline to enter repayment inching closer, and nothing further occurring on the Preliminary Injunction, Mr. Olsen filed a noticed and properly-served Motion for Temporary Restraining Order on September 3, 2026. ECF No. 14. The Court *sua sponte* entered an Order directing Defendants to respond to both outstanding motions by September 16, 2026. ECF No. 15.

Defendants did not do so.

With the expiration of time to respond to the Complaint having passed, Mr. Olsen moved for entry of a Clerk's Default against Defendants on September 21, 2026 pursuant to FRCP 55(a). ECF No. 16. Two days later, Defendants finally retained counsel on this matter and asked for extension of approximately a month to respond to the Complaint, Motion for Preliminary Injunction, and Motion for Temporary Restraining Order. ECF No's 17, 18.

This Limited Opposition follows.

## II. DISCUSSION

As stated in Defendants' extension request, FRCP 6(b)(1) permits an extension of time for good cause, while FRCP 6(b)(1)(B) permits extension after a deadline if there is good cause and excusable neglect. Defendants note that in determining the existence of excusable neglect, the Court considers: (1) prejudice to the nonmoving party; (2) the length of delay and its potential impact on proceedings; (3) the reason for the delay and whether it was within reasonable control of the movant; and (4) whether the movant acted in good faith. *Dittmar v. City of N. Las Vegas*, No. 2:17-cv-02916-JAD-BNW, 2024 WL 1554238 at *1 (D. Nev. Apr. 10, 2024).

Here, this matter has proceeded to a point where, despite Mr. Olsen providing an abundant amount of formal and informal notice to Defendants, Defendants are only appearing after Mr. Olsen has sought entry of a Clerk's Default. Mr. Olsen is willing to acknowledge that an extension of time to answer the Complaint would be warranted, given the high bar for obtaining a Default Judgment against the government after entry of a Clerk's Default. *See* Fed. R. Civ. P. 55(d).

However, Mr. Olsen sought a Preliminary Injunction & TRO to maintain the status quo in response to Defendants' stated deadline for his loans to enter repayment, of 90 days from July 1, 2026. That deadline according to Mr. Olsen's calculations, is September 29, 2026. *See* ECF No. 14-1 at ¶ 7.

Mr. Olsen filed both Motions well in advance of that deadline to permit proper and timely briefing and orders beforehand. Absent any agreement or directive by Defendants to leave those loans in forbearance, the status quo Mr. Olsen seeks to leave intact will be terminated before the proposed extension expires.

Thus, Mr. Olsen would be prejudiced by the extension sought for responding to the Motions for Preliminary Injunction & TRO. Furthermore, the length of the delay caused by the

extensions would frustrate the purpose of those Motions, since their purpose is to maintain a status quo, and the extension would go past the expiration of that status quo. Finally, while the reason for the delay may not have been within the reasonable control of opposing counsel, the redundant nature of service under FRCP 4(i) provides several fail-safes to allow for others to respond in case a U.S. Attorney's Office is going through a transitional period. *See* Fed. R. Civ. P. 4(i); *see also* ECF No's 9-3 and 14 at 5 (showing service of Motions on same persons as required under FRCP 4(i)). Thus, through either the Department of Justice in Washington, D.C., or their own general counsel, Defendants had plenty of notice and reasonable ability to direct a timely response, even if the U.S. Attorney's Office was understaffed.[1] *See Dittmar* at *1.

## III. CONCLUSION

For the foregoing reasons, Mr. Olsen does not oppose the extension sought to file an Answer to the Complaint in this matter. However, Mr. Olsen respectfully opposes the extension sought to oppose the Motions for a Preliminary Injunction and TRO due to the time-sensitive nature of the relief sought in those Motions.

Dated this 25th day of September, 2026.

ROST C. OLSEN

/s/ Rost C. Olsen
Rost C. Olsen, Esq.
Nevada SBN 14410
Plaintiff/Petitioner In Pro Se

[1] Regarding good faith, Mr. Olsen does not allege that opposing counsel seeks the extensions in bad faith, and empathizes with the plight of getting assigned a matter later than one likely should have been.