TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar No. 8264
NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Rost Conor Olsen,<br><br>Plaintiff,<br><br>v.<br><br>Linda McMahon, in her official capacity as Secretary of the United States Department of Education, and the United States Department of Education,<br><br>Defendants. | Case No. 3:26-cv-00543-ART-CSD<br><br>**Defendant's Answer to Plaintiff's Complaint**<br><br>**ECF No. 1** |

**NOW COMES,** The United States of America, on behalf of LINDA MCMAHON, in her official capacity as Secretary of the United States Department of Education (hereinafter, "Secretary McMahon") and the United States Department of Education (hereinafter, the "Department" or "ED") (collectively, the "Defendants"), answers Plaintiff ROST C. OLSEN's (hereinafter, the "Plaintiff") Complaint, ECF No. 1, as follows:

//

The unnumbered paragraphs of the Amended Complaint are not allegations that require to which a response is necessary. To the extent a response is required, the United States denies the allegations.

## PRELIMINARY STATEMENT[1]

1. Paragraph 1 consists of Plaintiff's characterization of this action, and legal conclusions, to which no response is required. To the extent a response is required, the Defendants deny the allegations.

## JURISDICTION AND VENUE

2. Paragraph 2 consists of legal conclusions relative to jurisdiction to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is deemed required, the Defendants DENY that sovereign immunity is waived beyond that which is waived by relevant statute and DENY the allegation to the extent that Plaintiff seeks to expand any such waiver of sovereign immunity.

4. Paragraph 4 consists of legal conclusions relative to venue to which no response is required.

## THE PARTIES

5. Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.

6. Admitted.

[1] The Defendants have adopted the numbered paragraphs, headings, and subheadings as used in the Amended Complaint for ease of reference. The headings and subheadings are not allegations to which a response is required. To the extent a response is required, the United States denies the allegations in the headings and subheadings of the Amended Complaint. The United States reserves the right to amend, modify, or supplement any of its responses in this Answer as additional information is gathered.

7. Admitted.

## FACTUAL ALLEGATIONS

8. This paragraph consists of Plaintiff's characterization of this action, and legal conclusions, to which no response is required. To the extent a response is required, the Defendants deny the allegations.

9. This paragraph consists of Plaintiff's characterization of the MPN to which no response is required. By way of further response, the MPN speaks for itself and is the best evidence of its contents. To the extent a response is required, the Defendants admit that Plaintiff signed a MPN in July 2026 consolidating his loans. The Defendants again refer to the MPN itself in terms of its contents relative to the PSLF and deny that the language is best described as a "mandate."

10. The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

11. The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

12. The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

13. The Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, or, have not yet verified the assertions contained in this allegation.

14. The Defendants lack knowledge or information sufficient to admit or deny the first portion of this allegation. Relative to the portion related to the Department of Education,

the Department has not yet conducted a final review of Plaintiff's qualifying payment county and consequently is unable to admit or deny this portion of the allegation.

15. The Defendants are without sufficient knowledge or information to answer why Plaintiff took certain actions regarding his accounts or to otherwise answer this allegation.

16. The Defendants are without sufficient knowledge or information to answer why Plaintiff took certain actions regarding his accounts or to otherwise answer this allegation.

17. This paragraph consists of Plaintiff's characterization of this action, and legal conclusions, to which no response is required. To the extent a response is required, the Defendants ADMIT that the SAVE Plan was enjoined.

18. This paragraph consists of legal conclusions, to which no response is required.

19. This paragraph consists of Plaintiff's characterization of this action, speculation, and / or commentary to which no response is required.

20. The Defendants lack sufficient information or knowledge to answer this allegation since the Defendants do not know what Plaintiff did or did not receive.

21. This allegation is overly broad and too vague to adequately answer.

22. The Defendants are without sufficient knowledge or information to answer this allegation.

*PSLF Buyback Application and Aftermath*

23. The Defendants are without sufficient knowledge or information to answer this allegation as a final calculation has yet to occur.

24. The Defendants are without sufficient knowledge or information to answer this allegation.

25. This paragraph consists of Plaintiff's characterization of this action, and legal conclusions, to which no response is required. To the extent a response is required, the Defendants state that the cited regulation speaks for itself and is the best evidence as to its contents.

26. This paragraph consists of Plaintiff's characterization of the cited website, and legal conclusions, to which no response is required. To the extent a response is required, the Defendants state that the cited website speaks for itself and is the best evidence as to its contents.

27. The Defendants are without sufficient knowledge or information to answer this allegation.

28. This paragraph consists of Plaintiff's characterization of the cited e-mail. To the extent a response is required, the Defendants state that the cited e-mail speaks for itself and is the best evidence as to its contents.

29. Defendants admit this allegation in part to the extent that the Department has yet to send Mr. Olsen a proposed Buyback Agreement. The Department is without sufficient information to answer the remainder of the allegation as a final calculation has yet to occur.

30. The Defendants are without sufficient information to answer this allegation as a final calculation has yet to occur.

**First Claim for Relief**

*Unreasonable Delay*

31. Defendants incorporate by reference the Answers made in paragraphs 1-30 herein.

32. This paragraph consists of statements of law to which no response is required. By way of further response, said statutes speak for themselves.

33. This paragraph consists of legal conclusions to which no response is required.

34. This paragraph consists of legal conclusions to which no response is required.

35. This paragraph consists of legal conclusions relative to a statutory analysis to which no response is required. To the extent a response is required, Defendants deny all allegations and assert that any delay was reasonable.

36. This allegation is DENIED and strict proof is demanded at time of trial. By way of further response, granting relief would cause Plaintiff to receive relief ahead of similarly situated petitioners.

*Unlawful Denial of Agency Action*

37. This paragraph consists of legal conclusions to which no response is required.

38. This paragraph consists of legal conclusions to which no response is required.

39. This paragraph consists of legal conclusions to which no response is required.

40. This paragraph consists of legal conclusions and speculation to which no response is required.

41. This paragraph consists of legal conclusions to which no response is required.

42. This paragraph consists of legal conclusions to which no response is required.

43. This paragraph consists of Plaintiff's characterization of the action and legal conclusions to which no response is required.

44. This paragraph consists of legal conclusions to which no response is required.

45. This paragraph consists of legal conclusions to which no response is required.

46. This paragraph consists of legal conclusions to which no response is required.

47. This paragraph consists of legal conclusions to which no response is required. By way of further response, the allegations in this paragraph are more appropriate for a prayer for relief. To the extent this paragraph seeks relief, the Defendants DENY that any relief is due.

**Second Claim for Relief**

48. Defendants incorporate by reference the answers to paragraphs 1-47 herein.

49. This paragraph consists of legal conclusions to which no response is required.

50. This paragraph consists of legal conclusions to which no response is required. By way of further response, the MPN speaks for itself and is the best evidence of its contents.

51. Without further detail or citation to the MPN, the Defendants are without sufficient information to admit or deny the allegation. By way of further response, the MPN speaks for itself and is the best evidence of its contents.

*Anticipatory Breach*

52. Without further detail or citation to the MPN, the Defendants are without sufficient information to admit or deny the allegation. By way of further response, the MPN speaks for itself and is the best evidence of its contents.

53. This paragraph consists of legal conclusions to which no response is required.

54. This paragraph consists of legal conclusions to which no response is required.

55. This paragraph consists of legal conclusions to which no response is required.

56. This paragraph consists of legal conclusions to which no response is required.

57. This paragraph consists of legal conclusions to which no response is required.

58. It is DENIED that the Department is "refusing" to base the buyback amount on any calculation. To the contrary, a final calculation has yet to be effectuated.

59. This paragraph consists of legal conclusions to which no response is required.

60. This paragraph consists of legal conclusions to which no response is required.

*Violation of Implied Covenant of Good Faith and Fair Dealing*

61. This paragraph consists of statements of law and legal conclusions to which no response is required.

62. This paragraph consists of legal conclusions to which no response is required.

63. This paragraph consists of legal conclusions to which no response is required.

64. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they are in breach of the MPN.

**Third Claim for Relief**

65. Defendants incorporate by reference the answers to paragraphs 1-64 herein.

66. This paragraph consists of statements of law and legal conclusions to which no response is required.

67. This paragraph consists of statements of law and legal conclusions to which no response is required.

68. This paragraph consists of statements of law and legal conclusions to which no response is required.

69. This paragraph consists of legal conclusions to which no response is required.

**Alternative, Fourth Claim for Relief**

70. Defendants incorporate by reference the answers to paragraphs 1-60 herein.

71. This paragraph consists of statements of law and legal conclusions to which no response is required.

72. This paragraph consists of statements of law and legal conclusions to which no response is required.

73. This paragraph consists of statements of law and legal conclusions to which no response is required.

74. This paragraph consists of statements of law and legal conclusions to which no response is required.

75. This paragraph consists of legal conclusions to which no response is required.

76. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, the Defendants DENY the allegation. By way of further response, since the relief sought is essentially the same as the APA relief sought, the Court should proceed pursuant to the APA. *See,* Indep. Min. Co. v. Babbitt, 105 F.3d 502 (9th Cir. 1997).

**Prayer for Relief**

The remaining paragraphs which begins with "**PRAYER FOR RELIEF**" contain requests for relief for which no response is required. To the extent a response is required, the Department denies Plaintiff is entitled to the relief requested in the remaining paragraphs or to any relief whatsoever. Any allegations to which a response is deemed necessary and which have not been specifically admitted, denied, or otherwise responded to above are hereby denied.

**DEFENSES**

In further response to the Complaint, the Department asserts the following defenses and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to the Department through the course of this litigation. In asserting these defenses, the Department

does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff.

1. Plaintiff is barred from bringing any claims over which the Court lacks subject matter jurisdiction.

2. Plaintiff's claims are barred, in whole or in part, because the Department has qualified immunity under 15 U.S.C. § 1681h(e).

3. To the extent the Complaint fails to state a claim upon which relief can be granted, Plaintiff's claims must be dismissed.

4. Plaintiff is barred from bringing any claim falling outside the applicable statutes of limitation or repose.

5. To the extent the Department has not waived sovereign immunity for Plaintiff's claims, the Court lacks subject matter jurisdiction.

6. The Department did not violate any legal duty owed to Plaintiff.

7. Plaintiff's alleged injuries were not directly, actually, or proximately caused by an agent, servant, or employee of the Department.

8. In the event that the misconduct of Plaintiff or third parties was the cause of or contributed to the alleged injuries or damages sustained, any recovery by Plaintiff must be proportionately reduced.

9. To the extent that Plaintiff's alleged damages were caused in whole or in part by parties other than the Department, and should the Department be found in any way liable in this matter, the Department's liability for Plaintiff's noneconomic damages should be allocated to the Department in proportion to the Department's percentage of fault, if any.

10. The Department is not liable for any preexisting, intervening, or superseding occurrences which caused, compounded, or created Plaintiff's injuries.

11. In the event that the superseding and intervening misconduct of the Plaintiff or third parties broke any causal connection between the Department's alleged acts and the Plaintiff's alleged injuries, the Department cannot be held liable.

12. The Department is not liable for any injuries or damages that Plaintiff failed to reasonably mitigate.

13. Plaintiff's damages, if any, must be offset by any benefits provided to Plaintiff by the Department or funded by the Department through any other entity, and all allowable collateral sources.

14. The Department is entitled to an offset of all sums or monies paid or payable to Plaintiff by any party or non-party to this action by settlement or judgment or through an agreement entered into by Plaintiff.

15. The Complaint, and each claim for relief therein that seeks equitable relief, is barred by the doctrine of waiver.

16. Mandamus claims should be construed as APA claims (see, Indep. Min. Co. v. Babbitt, 105 F.3d 502 (9th Cir. 1997).)

17. Plaintiff is not entitled to punitive damages beyond those authorized by statute.

18. Plaintiff is not entitled to attorney's fees beyond those authorized by statute.

WHEREFORE, Defendants Linda McMahon and the United States Department of Education, prays for:

(a) dismissal of Plaintiff's Complaint against the Defendants and a judgment in favor of Defendants;

(b) an award of the Department's costs and expenses incurred in defending this action, including attorney's fees as allowed by applicable law; and

(c) such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of November 2026.

TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney